IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS,**

      **Plaintiff,**

      v.                                     **CASE NO. 22-3267-JWL-JPO**

**WILLIAM JAMES MOORE,**

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by Defendant William James Moore, seeking removal of his state criminal Case No. 20-CR-1055 from the District Court of Sedgwick County, Kansas.

The notice of removal of criminal prosecutions must "include all grounds for such removal" and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." 28 U.S.C. § 1455(b)(2). Defendant asserts that he is seeking removal under 28 U.S.C. § 1343(1), § 1443 (1) and (2), and § 1455. (Doc. 1, at 1.)

Section 1343(a)(1) provides for the Court's original jurisdiction of any *civil* action authorized by law to be commenced by any person "[t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." 28 U.S.C. § 1343(a)(1) (emphasis added). Defendant is seeking to remove his state *criminal* case. Therefore, § 1343(a)(1) does not provide him with a valid ground for removal.

Under 28 U.S.C. § 1443, a state criminal defendant may remove a state criminal case to a federal district court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28

U.S.C. § 1443(1).  The two requirements for removal under § 1443(1) are narrow and well-defined.  *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings." *Massachusetts v. Libertad*, Civ. Action No. 22-10131-DJC, 2022 WL 479799, at *2 (D. Mass. Feb. 16, 2022) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecutions where defendant is denied equal civil rights)).  "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219).  Defendant does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219.  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Id.* (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)).  The allegations in Defendant Moore's notice of removal are insufficient to support removal under § 1443(1).

Defendant Moore also fails to allege anything that might permit removal under § 1443(2). "Subparagraph (2) applies only to 'federal officers or agents and those authorized to act with or

for them in affirmatively executing duties under any federal law providing for equal civil rights' . . . and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws." *Delaware v. Desmond*, 792 F. App'x 241, 242 (3rd Cir. 2020) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Moore is not a federal or state officer, and he has not shown that § 1443(2) is applicable in this case.

Moore's notice of removal is also untimely. The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1).

A Kansas District Court Records Search show that *Kansas v. Moore*, Case No. 2020-CR-001055-FE, was filed on April 28, 2020, in the District Court of Sedgwick County, Kansas. The records show that Defendant's arraignment was on October 13, 2020, and his jury trial is set for November 7, 2022. Defendant filed his notice of removal to this Court on October 20, 2022. He has not shown good cause why leave to file the notice over two years after his arraignment should granted.

Section 1455(b)(4) provides that "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). The Court finds the summary remand of this action to the state court is warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Case No. 20-CR-1055 is **remanded** to the District of Court of Sedgwick County, Kansas.

**IT IS FURTHER ORDERED** that Defendant's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS SO ORDERED**.

**Dated October 28, 2022, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**